STATE of Missouri, Respondent,

v.

Henry ANDRADE, Appellant.

No. KCD 27602.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Max W. Foust, H. Edward Skinner, Morris, Foust, Beckett & Ponick, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Defendant appeals his conviction of selling Lysergic Acid Diethylamide, LSD, and sentence to five years imprisonment. Section 195.020, RSMo 1969.

On this appeal defendant urges (1) the court erred in admitting opinion evidence based on a p–DMAB Spot Test, Ultraviolet Spectroscopy, and Thin-Layer Chromatograms; (2) error in admitting the opinion of the State's chemist which was based on accepting as true the printed contents label on a container used in the tests he performed; and (3) the State failed to prove defendant was the person who made the drug sale. No merit is found in any of these contentions and the judgment is affirmed.

The jury could have reasonably found, as it must have, that defendant made a sale of ten "hits" of LSD, or Acid, as it is commonly termed, to Detective O'Donnell of the Kansas City Police Department acting under cover. O'Donnell stated he met defendant, who was riding in the rear seat of an automobile with O'Donnell's informant, in a shopping center parking lot. O'Donnell approached the automobile and spoke with defendant at which time defendant delivered the drugs to O'Donnell who in turn paid the defendant $30.00 in cash.

The meeting had been arranged through an informant, Merlin Stice. Stice also testified she was present in the automobile at the time O'Donnell met the defendant in the parking lot and made the purchase.

The State also produced John Wilson, a chemist, who testified that he tested the substance O'Donnell purchased from the defendant. Wilson stated he ran four thin-layer chromatograms in two separate solvent systems (9:1 chloroform methanol, and 4:1 chloroform acetone) after irradiating half of the four plates. Wilson stated one test might be susceptible to error in determining whether the substance tested was in fact LSD, but stated unequivocally there was no way all four tests could be wrong.

Wilson stated as a result of these four tests the substance tested was LSD.

Defendant's counsel at trial conceded the qualifications of Wilson. There was no evidence proffered concerning any inadequacy or deficiency in the tests performed by Wilson nor calling into question in any fashion the conclusion reached by Wilson that the substance tested contained LSD.

■ Defendant is represented on this appeal by different counsel than appeared at trial. On this appeal counsel now raises questions concerning the adequacy and the validity of the p–DMAB Spot Test, Ultraviolet Spectroscopy and Thin-Layer Chromatograms. Defendant supports such contention by a wide variety of scientific writings garnered from a number of scientific publications. However, this court need not resolve any argument which may exist in the scientific community concerning the validity or reliability of the tests used by Wilson because none of this evidence was presented to the trial court. This court must decide this case solely on the basis of the record made in the trial court. *State v. Johnson,* 286 S.W.2d 787, 796 (Mo.1956). For that reason defendant's contentions concerning the tests are not open to question in this court.

Defendant urges such tests are open to attack in this court on the basis of *State v. Stout,* 478 S.W.2d 368 (Mo.1972). However, in that case the court made it clear it was determining the admissibility of the Neutron Activation Analysis Test on the basis of the record made in the trial court.

■ Defendant further attempts to avoid the consequences of the absence of any evidence questioning the tests in the trial court by declaring the tests to be unreliable and, therefore, there was no substantial evidence on which to base defendant's conviction because there was no other evidence showing the substance sold to be a controlled drug. This argument overlooks the well settled rule that the admission of expert testimony rests within the sound discretion of the trial court. *State v. Jones,*

518 S.W.2d 304, 311[8–9] (Mo.App.1975). There was no abuse of discretion here and could not be when the qualifications of the expert were admitted and there was no evidence whatever to call in question the tests used by Wilson. This being true, there was no error in admitting this uncontroverted evidence. Furthermore, such evidence constituted substantial evidence of defendant's guilt which supports his conviction.

■ Defendant further argues the admission of Wilson's conclusion constituted plain error under Rule 27.20(c). A careful review of the record with this rule in mind reveals no error which constituted any manifest injustice to the defendant.

■ Defendant next contends the conclusion of Wilson was improperly received because in detailing the tests run, Wilson stated he used a standard reference substance obtained from the Federal Drug Enforcement Administration. Defendant contends Wilson relied on the label on this substance on which was printed its contents. Defendant contends this is an impermissible use of hearsay evidence. Defendant overlooks the testimony of Wilson that he had personally tested the standard reference substance and in his opinion the substance tested to be what it purported to be, and that was LSD. Moreover, Wilson would have been entitled to rely upon the printed label under the holding in *State v. Newstead,* 280 S.W.2d 6, 9 (Mo.1955). See also *State v. Harris,* 12 Wash.App. 481, 530 P.2d 646, 655 (1975).

For the above reasons, all of the defendant's attacks on the testimony of Wilson are rejected.

■ Defendant contends there was insufficient evidence to show the identity of the person making the sale to be that of defendant. O'Donnell testified the sale took place at 8:00 P.M. on a parking lot lighted by vapor street lights. O'Donnell positively identified defendant as the indi-

vidual from whom he made the purchase at that time. Stice testified also as to the identity of the defendant. Defendant points to some weakness in the testimony of Stice in that she could not recall the description of another person in the automobile and her description of the driver differed from the description the driver made of himself in his testimony. However, it is well settled that the credibility of a witness is a question for the jury. *State v. Morris*, 518 S.W.2d 79, 81[3–5] (Mo.App.1974). Here there was nothing inherently incredible or self destructive about the testimony of either O'Donnell or Stice as to deprive such testimony of probative value. In that circumstance their credibility was for the jury and their evidence was substantial evidence which supports the jury's verdict.

Judgment affirmed.

All concur.