**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gregory SHEGOG, Defendant-Appellant.**

**No. 40031.**

Missouri Court of Appeals, Eastern District.

Jan. 30, 1979.

Robert C. Babione, Public Defender, Theodore Guberman, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael Elbein, Jefferson City, George A. Peach, Circuit Atty., Douglas A. Forsyth, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

CRIST, Judge.

Defendant was found guilty by a jury of possession of heroin and of carrying a concealed weapon. Under the Second Offender Act, the court set punishment at ten and five years, respectively, the sentences to run consecutively, in the Missouri Department of Corrections.

Defendant claims that the evidence was insufficient to prove beyond a reasonable doubt that the defendant was in possession of a controlled substance or a concealed weapon. We disagree.

On January 3, 1977, officers of the St. Louis Police Department observed through a window of Frank's Pool Hall, several persons, including the defendant, gambling by dice. The officers entered the premises and arrested the men who were gambling, including the defendant. Following his arrest for gambling, defendant was searched by Detective Shrum.

When the search revealed a gun and a vial of thirty-two pills, defendant was ad-

vised of his rights and the charges. He stated that he understood his rights. When asked about the gun, the defendant stated, "I carry it for my protection." When asked if the pills belonged to one of the two major drug dealers in the area, the defendant stated, "My dope. I work by myself." At the time of the arrest, the officer removed a concealed, operable, loaded .38 caliber pistol from defendant's waistband. The pills were analyzed in the police laboratory and were found to contain heroin.

Defendant took the witness stand in his own defense and denied that he had been in possession of the gun and heroin, denied that the officer had removed them from his person, and denied that he had made any statements to the officer about them. He testified that when the police entered the premises he was playing the pinball machine, that no contraband was found on his person when he was searched, and that five minutes later the officer approached him again and arrested him on the charges for which he was tried.

The law in Missouri regarding the determination of the sufficiency of evidence in a criminal prosecution is stated in *State v. Schleicher*, 438 S.W.2d 258, 260 (Mo.1969):

> "In testing the sufficiency of evidence in a criminal prosecution by a motion for a judgment of acquittal, the facts in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded."

The State produced evidence that the defendant, knowingly, was in possession of heroin and was carrying a concealed, dangerous, and deadly weapon. Three witnesses testified that defendant was in possession of a gun and of heroin when he was searched. The pistol was found concealed in defendant's waistband.

Defendant's testimony that he never had the gun or the heroin is disregarded on appeal to the extent it is inconsistent with evidence to the contrary.

"The jurors were entitled to believe or disbelieve and reject those parts of the defendant's statements and testimony which tended to exculpate him just as they were privileged to weigh and determine the credibility of all other evidence in the case." *State v. Davis*, 365 S.W.2d 577, 580 (Mo. 1963); *see State v. Longmeyer*, 566 S.W.2d 496 (Mo.App.1978).

 It was the province of the jury to consider the veracity of the conflicting testimony. It chose to believe the State's witnesses.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.