STATE of Missouri, Respondent,

v.

Charles Alvin WILLIAMSON, Appellant.

No. 39600.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 18, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1980.

Herbert D. Schaeffer, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Defendant was charged in two separate counts with the sale of phenmetrazine. He was convicted on one count and acquitted on the other. On his appeal from his conviction defendant's counsel has raised a prolix maze of points for consideration which sift down to three: insufficiency of credible evidence; error in admitting certain state's evidence; and lack of qualifications of the state's expert witness. We affirm.

The state's evidence was that two St. Louis undercover detectives, Charles Richmond and John Corrona, accompanied by Loretta Towley, an acquaintance of defendant, went to defendant's home in St. Louis together. The two detectives were introduced to the defendant in his living room by Loretta Towley, after which Detective Richmond purchased five phenmetrazine tablets from him giving rise to count I. After the sale to Richmond, Detective Corrona testified that he purchased ten tablets of phenmetrazine from the defendant forming the basis for count II. A criminalist from the St. Louis Police Department criminal laboratory identified the tablets as containing phenmetrazine, a schedule II controlled substance.

Loretta Towley and two other persons who were present in defendant's living room at the time of the alleged narcotic sales transaction testified that Loretta had brought only one man (Detective Richmond) with her. None of them observed any transaction take place between defendant and Detective Richmond during the entire time he was present in the home. Defendant denied any sale and stated that Ms. Towley had brought only one man with her who had asked to see defendant's brother who lived upstairs.

Defendant was convicted by the jury on count I—the sale to Detective Richmond. He was acquitted on count II—the sale to Detective Corrona.

Defendant's first point on appeal concerns the scope of review and sufficiency of evidence. His brief hammers at certain inconsistencies in the police officers' testimony between the first trial of the case on July 17, 1976, which ended in a mistrial, and the second trial in May, 1977, nearly a year later, viz., as taken from the brief:

[T]he Appellant is a man who had large and obvious tatoos on his arms and a large burn scar on his left hand and wrist, yet the State's witnesses, who admittedly state they they [sic] are trained investigators and observers, stated they did not see these obvious and blatent [sic] identifying marks and when questioned about this, their answers were evasive as was Officer Richmond's attempt to extracate [sic] his inconsistent statements as to where Loretta was sitting in the short ride to the Appellant's home. The testimony by each of the officers that the other was standing to his left at the time of the sale was impossible. The officer's statements of how they entered the buildings was contradictory and conflicting. Their statements of what was done with the money allegedly paid Appellant was contradictory and conflicting. What the Appellant was wearing was conflicting. The place where the Appellant was sitting on the couch was contradictory. Who and how the Appellant was identified so as to be entered with a "pedigree" in the police report was conflicting and the absence of recall by Officer Corrona on many questions, to-wit: How far Loretta was in front of him, whether they walked in single file, doesn't recall color of hair of person opening the door, what that person was wearing, doesn't recall other persons in the room, whether there was a phone on the coffee table, doesn't remember if there were chairs in the room, didn't recall who was standing, doesn't recall hand Appellant took money, doesn't recall what Appellant was wearing, doesn't recall scars on left hand or wrist, doesn't recall rings or jewelry. Previously stated another male in the room, now doesn't remember. Doesn't remember what hand Appellant allegedly

gave drug to Richmond. Doesn't remember what Loretta was wearing, doesn't recall the first time he saw Andy Williamson [defendant's brother], doesn't recall (without the report) what hand the pills or money was received by Officer Richmond, doesn't recall what pocket the Appellant put the money in, doesn't recall where he put pill vial, doesn't know how many pills were left, doesn't recall previous testimony that there were only ten pills left in vial, admitted he did not remember what Appellant did with the money, admitted there was nothing in the report other than pedigree about Appellant's description and none in either officer's notes, witness did not recall what he had had [sic] for supper three days before . . . .

Certain fundamental tenets guide us in our review. The appellate court does not substitute its judgment for that of the jury. In reviewing the evidence in the light most favorable to the verdict, we are to determine whether there was substantial evidence from which the jury could reasonably find the issue in harmony with the evidence. The mere fact that contradictions or inconsistencies exist in the testimony does not prevent it from being substantial evidence, for conflicts, inconsistencies and the weight to be given such testimony are for the jury to resolve. *State v. Miller*, 588 S.W.2d 237 (Mo.App. So. Dist., 1979); *State v. Chastain*, 585 S.W.2d 562 (Mo.App. 1979); *State v. Shegog*, 577 S.W.2d 185 (Mo.App.1979); *State v. Longmeyer*, 566 S.W.2d 496 (Mo.App.1978); *State v. Hodges*, 537 S.W.2d 886 (Mo.App.1976). The jury may "believe or disbelieve all, part or none of the testimony of any witness," *State v. Haslip*, 583 S.W.2d 225, 227 (Mo.App.1979), and the testimony of a single witness despite inconsistencies may be sufficient to constitute substantial evidence. *Longmeyer; State v. Turner*, 537 S.W.2d 850 (Mo. App.1976). Nor does the seemingly illogical inconsistency between the jury's believing Detective Richmond's testimony that he had made a purchase from defendant and the jury's disbelieving Detective Corrona's testimony regarding his transaction with the defendant vitiate the verdict. A logical consistency in a multiple count charge is not necessary. *State v. Briggs*, 542 S.W.2d 602 (Mo.App.1976). In this case, Officer Richmond testified that the defendant sold him five tablets of a controlled substance. While there were certain inconsistencies in the state's evidence, it was for the jury to resolve them and determine the weight to be given to the evidence. We do not find the state's case to be so flawed as to deprive it of substance or lack of sufficiency. *State v. Miller; State v. Chastain; State v. Turner*. Any rational trier of fact could have found beyond reasonable doubt under the evidence of the case that defendant had made an illegal sale of a controlled substance (phenmetrazine) to Detective Richmond. *State v. Charles*, 537 S.W.2d 855 (Mo.App.1976).

Defendant makes much of the fact that Detective Richmond used a police report prepared by Detective Corrona to refresh his memory of the facts which took place at the time of the proposed sale on September 11, 1975—nearly two years prior to the second trial. We are not persuaded that this point has any merit in spite of the fact that after being refreshed by reading portions of the police report, Detective Richmond's memory was not jogged to perfection. As noted, there were inconsistencies and contradictions as to what transpired. But a similar situation occurred in *State v. Crow*, 486 S.W.2d 248 (Mo.1972), with a police officer refreshing his memory from a report prepared by another policeman. In *Crow*, it was held that "[t]he question of permitting a witness . . . to refresh his recollection is a matter for the trial court's discretion, reviewable only for abuse." *Id.* at 257. *Accord: U. S. v. Conley*, 503 F.2d 520 (8th Cir. 1974). We find no abuse of the trial court's discretion in permitting Detective Richmond to refer to the police report.

Defendant next challenges the drug analysis and qualifications of the state's expert witness. Joseph Stevens, "criminalist" with the St. Louis Police De-

partment crime laboratory, testified that he had been employed in such capacity for 9½ years at the time of the trial. He possessed a bachelor's degree from the University of Missouri-Columbia in the field of zoology, with a minor in chemistry. He had completed a year's graduate study at the University of Missouri in physiology and chemistry, had a certificate of training in drug analysis from the Federal Bureau of Narcotics and Dangerous Drugs, had completed three years of graduate work at Georgetown Institute of Analytical Advanced Chemistry in forensic optical microscopy and had studied general organic chemistry and quantitative and qualitative analysis. He had made an analysis of approximately 17,000 controlled substances and made about 130 appearances as an expert witness. Based on an elaborate array of detailed tests, Mr. Stevens' analysis of the tablets sold by defendant to Detective Richmond established the presence of phenmetrazine. From the foregoing recital of Mr. Stevens' qualifications it is apparent that defendant is not on sound ground in his attack to disqualify Mr. Stevens. "The well established rule is that the qualification of an expert witness in a criminal case is a matter resting primarily in the sound discretion of the trial court and is not reversible on appeal absent a clear showing of abuse of that discretion." *State v. Harvell*, 527 S.W.2d 445, 447 (Mo.App.1975). Further, as said in *State v. Barnhart*, 587 S.W.2d 308, 310 (Mo. App.1979):

> A witness may be competent to testify as an expert, although his knowledge touching the question at issue may have been gained by practical experience rather than by scientific study or research. *State v. Rhone*, 555 S.W.2d 839, 841–42[2] (Mo.banc 1977). The test of expert qualification is whether the witness has knowledge from education or experience which will aid the trier of fact in forming an opinion on the subject matter of the inquiry. *State v. Harvell*, 527 S.W.2d 445, 448[3] (Mo.App.1975).

Under the circumstances here we find no abuse of the trial court's discretion in permitting Mr. Stevens to relate the results of his tests to determine the drug analysis. *State v. Kane*, 586 S.W.2d 812 (Mo.App. 1979).

■ Defendant's continued attack on Mr. Stevens is somewhat desultory, but he argues that evidence of the qualitative analysis of the tablets should not have been admitted. Mr. Stevens related in substantial detail the type of tests conducted in preparing the analysis report on the item suspected of being a controlled substance. He testified that he conducted certain tests which revealed the qualitative nature of the drug as phenmetrazine. No quantitative analysis was made as he relied on the manufacturer's stated weight. The analysis was admitted in evidence for the limited purpose of showing the nature of the drug. Mr. Stevens acknowledged that without reference to the specific report that he had no independent recollection as to the specific results of the tests conducted. Although he did not exactly remember "doing each of the specific tests," he was steadfast in his assertion that all analytical tests which he enumerated and described were invariably performed where phenmetrazine was suspected. He was also unequivocal in stating that his tests revealed the presence of phenmetrazine. His testimony was therefore sufficient to establish the presence of phenmetrazine.

■ Defendant also asserts that the tests were faulty as Mr. Stevens had not tested the reagents or other testing substances to determine the accuracy of their components; that he was unable to testify as to the quantitative analysis of the drug. But defendant overlooks the fact that the state is not obligated to prove the quantum of the drug as that is not an essential ingredient for conviction. *State v. Miller; State v. Kuhrts*, 571 S.W.2d 709 (Mo.App. 1978). Nor did the defendant offer any evidence that the tests performed by Mr. Stevens were unreliable other than the assertion that failure to test the reagents for their potency rendered the analysis faulty.

■ Harkening back to the contention that admission of expert testimony rests

within the trial court we find no abuse of the trial court's discretion in admitting Mr. Stevens' testimony. It was not necessary in the absence of reasonable challenge by the defendant for the state to prove the accuracy of the testing compounds, for that would put upon it an insuperable standard regarding proof. *See: State v. Kuhrts; State v. Andrade,* 534 S.W.2d 595 (Mo.App.1976). Here, Mr. Stevens relied on the printed labels of the testing chemicals for their contents. He was entitled to do so. *Id.* at 597. The testing process followed by Mr. Stevens in his analysis has not been attacked by any reasonable challenge and affords a proper basis for the conclusion reached that the tablets sold to Officer Richmond contained phenmetrazine.

Defendant also objects to Mr. Stevens' referring to himself as a "criminalist", as he alleges the title establishes some aura of official credence. However Mr. Stevens in his identification of himself as a "criminalist" was no more than reciting his true title—one which was apparently well suited for him based on his credentials. There was no abuse of the trial court's discretion in permitting the "criminalist" appellation, as Mr. Stevens was not attempting to establish himself as an expert by title, rather than by qualification.

Finally, defendant charges that the receipt of the Missouri Controlled Substance List was in error, as foundation for its admission had not been properly made. The list carried the signed seal of the Secretary of State, which under *State v. Harris,* 564 S.W.2d 561 (Mo.App.1978), and *State v. Winters,* 525 S.W.2d 417 (Mo.App.1975), was sufficient authentication to render it admissible.

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.