STATE of Missouri, Respondent,

v.

Albert SANDERS, Appellant.

No. 42997.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1982.

Joseph W. Downey, Public Defender, Thomas F. Flynn, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from jury convictions of first degree robbery, § 569.020, RSMo. 1978, and carrying a concealed weapon, § 571.115. In view of defendant's two previous felony convictions the court found him to be a persistent offender under § 558.016 and imposed concurrent sentences of twenty-five years for the robbery and ten years for carrying the concealed weapon. We affirm.

Defendant challenges the sufficiency of the evidence on the robbery charge. He contends the trial court should have directed a verdict of acquittal at the close of all the evidence because of inadequacies in the description of defendant by the state's two eyewitnesses.

Between 6:00 p. m. and 7:00 p. m., while it was still daylight, on August 23, 1979, Brenda Rogers and Roberta Thomas were walking in the vicinity of 20th Street and Cass Street in St. Louis. As they passed that intersection, the two women saw the defendant sitting on the steps of Blewett School. A paper bag was lying on the steps beside the defendant. The women greeted him briefly and walked on. Defendant did not respond. After the women continued down the street a short distance, Rogers felt a knife at her neck and "hollered." As she turned around, Rogers saw that defendant was holding a black-handled butcher knife with a rusty blade and gold knobs on the handle. Defendant demanded Rogers's money. She gave him her coin purse, but requested that she keep her driver's license. Defendant refused and an argument ensued. Rogers testified that the incident lasted ten to fifteen minutes, while Thomas said the duration of the robbery was three to five minutes.

Thomas told police the defendant was approximately 5′ 8″ tall and weighed 140–45 pounds, with bushy hair, long sideburns, a light mustache and a goatee. Rogers told police defendant was 5′8″ in height, weighed 180 pounds, and had a mustache, a beard and an Afro hairstyle.

On September 5, 1979, Thomas, while a passenger in an automobile, saw defendant sitting at Blewett School in the same spot he had occupied the day of the robbery. She recognized him as the man who had robbed Rogers. Thomas then went to Rogers's home and told her what she had seen. Rogers then called the police detectives assigned to the case. The detectives answered the call, picked up Rogers and they searched for defendant. Thomas followed in her own vehicle.

Defendant was then seen running in a southerly direction from 20th and Cass on the east side of 20th Street. Defendant appeared to be running after a female pedestrian. Rogers pointed defendant out to the detectives, and told them that he was the robber. Defendant was holding a paper bag, and as he was apprehended, he dropped it. The paper bag was found to contain a butcher knife like the one he used in the robbery on August 23. Rogers and Thomas identified the defendant at the police station and each made an in-court identification of the defendant.

■ The positive identification of defendant by both Rogers and Thomas comprised substantial evidence from which the jury could have determined the defendant to be guilty of the robbery. The weight to be given this identification testimony was for the jury. *State v. McGee*, 602 S.W.2d 709, 710–11 (Mo.App.1980). It is true that defendant was found to be only 5′5″ and 115 pounds at the time of his arrest, but this discrepancy between his physiognomy and the descriptions of the state's witnesses is not great enough to require acquittal. Neither is the difference between the profiles supplied by Thomas and Rogers so considerable as to take the case from the jury. The simple fact that divergence or disparities exist in the testimony does not bar it from being substantial evidence, for dissonance in and the weight to be given such testimony are questions for the jury to decide. We do not find the state's case in this regard to be so defective as to divest it of substance or sufficiency. *State v. Williamson*, 595 S.W.2d 4, 7 (Mo.App.1979).

Defendant also contends the trial court erred by overruling its motion for judgment of acquittal as to the concealed weapon charge in that there was insufficient evidence to prove that the butcher knife was a dangerous and deadly weapon. Defendant failed to include this allegation of error in his motion for new trial so he urges us to review this allegation under the plain error rule, Rule 29.12(b).

■ The plain error rule is only activated when the alleged error bears upon the substantial rights of the defendant and results in manifest injustice or a miscarriage of justice. The defendant has the affirmative burden of showing such prejudicial error and has not done so here. *State v. Bryant*, 583 S.W.2d 585, 589 (Mo.App. 1979). We find that in view of all the particulars shown in evidence, including: (1) the fact that the item in question was a butcher knife; (2) that it was found in a paper bag carried by defendant; (3) that it was found on defendant while he was running behind a woman pedestrian on a city street; and (4) that defendant had, in the same vicinity, robbed Rogers with the assistance of a similar or same knife less than three weeks earlier, the jury was warranted in finding the butcher knife to be a dangerous and deadly weapon, *State v. Baldwin*, 571 S.W.2d 236, 242 (Mo.banc 1978).

Defendant also filed a pro se Memorandum in Support of Appellant's Brief. In it, he makes two assertions. First, he claims that the trial court's finding that he was a persistent offender deprived him of his right to a trial by jury. This court's opinion in *Shields v. State*, 491 S.W.2d 6, 10 (Mo. App.1973) takes care of that matter.

■ Defendant's second pro se point is that he was denied due process because the court's determination that he was a persistent offender was not specifically required by § 558.021, RSMo. 1978 to have been made beyond a reasonable doubt. Defendant's assertion is erroneous. It is true that § 558.021, RSMo. 1978, which governed the procedures under which defendant was found to fall within § 558.016, nowhere ex-

plicitly stated that the finding must be beyond a reasonable doubt.[1] Yet, the intricate methods spelled out in the statute, which called for the judge to make "specific findings," can leave no doubt that beyond a reasonable doubt was the requisite standard. *See, State v. Ryder*, 598 S.W.2d 526, 528 (Mo.App.1980). *See also, State v. Tehee*, 445 S.W.2d 285, 287 (Mo.1969) and cases cited therein. Further, this section has recently been amended to explicitly state that the court's finding must be beyond a reasonable doubt.[2] This change merely reaffirms what had been the practice of the courts of this state all along. Defendant makes no claim that the state's proof on this point failed to meet the reasonable doubt burden, and from our review of the record, we can discern no deficiency.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.

1. Section 558.021, RSMo. 1978 provided in pertinent part:

1. The court shall not impose an extended term under section 558.016 unless

(1) The indictment or information, original, amended or in lieu of an indictment, pleads all essential facts warranting imposition of an extended term; and

(2) After a finding of guilty or a plea of guilty, a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open court with full rights of confrontation and cross-examination, and with the defendant having the opportunity to present evidence; and

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect.

2. Section 558.021, RSMo. 1981 provides in part:

1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding *beyond a reasonable doubt* that the defendant is a prior offender, persistent offender, or dangerous offender; and

(3) The court makes findings of fact that warrant a finding *beyond a reasonable doubt* by the court that the defendant is a prior offender, persistent offender, or dangerous offender. (emphasis added)