STATE of Missouri, Respondent,

v.

**Freeman Ray HENSON, Appellant.**

**No. 44868.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 25, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Charles M. Shaw, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Warren Wells, Pros. Atty., Palmyra, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for sale of amphetamines, a controlled substance under § 195.020, RSMo.1978. Defendant was sentenced to a term of ten years pursuant to § 195.200.1(4), RSMo. 1978.

On July 4, 1979, in Hannibal, Missouri, the defendant sold amphetamines to Michael McKenna, a deputy sheriff who had made the acquaintance of the defendant. The deputy was employed as an undercover agent at the time. He drove a motorcycle and wore long hair.

At the time of the sale, defendant operated a motorcycle repair shop. On July 4, 1979, Deputy McKenna visited defendant at his shop. During this visit, a man came into the shop and gave defendant a bag of pills in exchange for money. Shortly thereafter, defendant took a couple of pills and swallowed them. Defendant then asked the deputy whether he would be interested in any of the pills, which the defendant identified as "speed." Deputy McKenna told the defendant that he did not have any money, but defendant advised him that he trusted him for it until the next day. Deputy McKenna took the pills and put them in his pocket. He then went home, labeled the pills, and put them in a lockbox.

On July 5, 1979, Deputy McKenna went to the defendant's motorcycle shop and paid him $25.00 for the pills. The pills remained with the deputy until February, 1980 when he took them to Jefferson City for evaluation. The pills were found to be amphetamines.

Defendant's main contention on appeal concerns the constitutionality of § 195.015.-4, RSMo. 1978. This statute empowers the Division of Health to place substances on the schedule of "controlled" drugs. It also provides for an administrative mechanism which puts a substance on a "controlled substance schedule" if federal law proscribes the drug.

Defendant's constitutional claim is raised for the first time on appeal. "When one believes his constitutional rights have been violated, he should raise an objection at the earliest opportunity and failure to do so amounts to a waiver of the objection." *State v. Owens*, 550 S.W.2d 211, 214 (Mo. App.1977). Because of his failure to raise this objection at his trial or on his motion for a new trial, defendant has waived the point. Rule 29.11(d); *State v. Pogue*, 563 S.W.2d 544, 546–547 (Mo.App.1978), *see also, Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 612 (Mo.1964). Moreover, defendant's point is without merit. Our Supreme Court has upheld the constitutionality of § 195.015.4. *State v. Thompson*, 627 S.W.2d 298, 302 (Mo.banc 1982).

Defendant also claims that there was insufficient evidence to prove that he "knowingly" made a "sale" of amphetamines. Knowledge of what the substance is can be imputed from the surrounding circumstances. *State v. Pearson*, 519 S.W.2d 354, 356 (Mo.App.1975). Deputy McKenna testified: That defendant said he sold "good stuff"; that defendant swallowed some of the pills, and that defendant "knew" the pills were amphetamines. Furthermore, the deputy testified that defendant told him he could pay the next day, and that the deputy did pay for the pills the next day. This constitutes a "sale" for the purposes of § 195.010(30), RSMo. 1978.

Defendant further claims the testimony of Sheriff White and Deputy McKenna relating to the employment of McKenna as an undercover officer was prejudicial error. Defendant maintains that this testimony cast him in the role of a criminal character.

Defendant points out that the trial court sustained his objections to the prosecutor's opening remarks about the deputy's undercover role, but then overruled defendant's objections to questions put to the deputy and Sheriff White regarding the deputy's role as an undercover officer. Defendant's own tactics, however, allowed the state to present this evidence.

In his opening statement, defendant's counsel said the evidence would show that defendant knew McKenna was an undercover officer, and therefore, defendant would not sell any drugs to the deputy. Because defendant claimed he knew McKenna was a deputy at the time of the sale, the state could show the confidential status of the deputy in his undercover role. Additionally, McKenna's employment as an undercover officer was admissible as background evidence. *State v. Dooley*, 549 S.W.2d 677, 680 (Mo.App.1977).

Finally, defendant registers two complaints regarding the giving of Instruction No. 5, MAI–CR.2d 32.06.2. First, he complains that because the instruction relates to § 195.015.4, which he challenges as unconstitutional, the instruction was wrongfully given. Pursuant to the above discussion, this point is moot. Furthermore, defendant objects to the instruction on the grounds that no substantial evidence existed regarding the quantity of the substance involved in the sale. The quantity of the drug sold is not an essential ingredient for conviction under § 195.015.4. Therefore, the state is not obligated to prove such quantity. *State v. Williamson*, 595 S.W.2d 4, 8 (Mo.App.1979).

Judgment affirmed.

KELLY, C. J., and DOWD, J., concur.