**STATE of Missouri, Respondent,**

v.

**Gary SMITH, Appellant.**

**No. WD 34077.**

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and PRITCHARD and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Gary Smith was found guilty by a jury of selling a controlled substance. Section 195.020 RSMo 1978. He was sentenced to five years imprisonment.

Smith contends the court erroneously admitted the testimony of a chemist concerning the chemical content of the tablets sold by Smith. Affirmed.

In August of 1981, an undercover detective and an informant stopped their car in front of a house in Kansas City and called to Smith who was on the porch with several other people. Smith went to the car and the informant asked Smith if he had five sets. Smith replied that he had as many as they wanted for 15 cents a set. The evidence revealed that a set is one Ritalin and one Taliuin tablet and 15 cents is $15. The detective informed Smith that he wanted five sets and Smith invited them inside the house, but the two remained in the car. Smith entered the house and was seen to return to the front porch where he put a small yellow object in a womans purse. The woman went to the car and the detective gave her $75 in exchange for the ten tablets which were in a piece of yellow tissue paper.

The testimony of a chemist indicated the tablets contained methylphenidate. The chemist testified that he took part of a tablet and crushed and solvated it in methanol. He then used a gas chromatograph mass spectrometer to separate the chemical from the solvent. When the chemical has been separated, the mass spectrometer

fragments the molecules which will give a representative pattern for the chemical being tested. The chemist then searched known standards of chemicals that are totally unique. The chemist stated he had never seen in the spectrum of known chemicals two compounds that have the same molecular pattern. The molecular pattern which emerges from the chemical being tested is then matched against the known chemical patterns and when a match is found that determines the identification of the chemical being tested. The chemist stated that as a result of his test he was able to identify the chemical in the tablet in question.

An objection was made that no foundation had been laid for the admission of the opinion and this was expanded later to include the objection that the table containing the known chemical molecular pattern makeup of chemicals was contained on a computer disc. The chemist used a computer to call up information contained on the disc so that he could read it on a computer screen. The court overruled the objection and on appeal Smith contends that the opinion should not have been admitted because there was no showing that the known molecular pattern information came from a reliable source and the chemist had not programmed the computer with that information.

After the objection, the chemist was asked if the method he used was recognized as a reliable method in his field and he replied that it absolutely was.

In *State v. Andrade*, 534 S.W.2d 595, 597[7, 8] (Mo.App.1976) this court stated that a chemist would have been entitled to rely upon the printed label of a bottle containing a standard reference substance obtained from the FDA. In *State v. Williamson*, 595 S.W.2d 4, 9 (Mo.App.1979) the court stated, "[I]t was not necessary in the absence of reasonable challenge by the defendant for the state to prove the accuracy of the testing compounds . . . ." The court further stated that the chemist was entitled to rely on the printed labels of the testing chemicals for their content.

The reliance on the printed labels of testing compounds in *Andrade* and *Williamson* is equivalent to the reliance on the molecular pattern information stored on the computer disc and called up for viewing by the chemist. Smith made no attack on the qualifications of the chemist, nor did he make any other attack on the accuracy of the test. The evidence was that the procedure followed was recognized as a reliable method of testing to identify chemical content. Absent any reasonable challenge by Smith as to the accuracy of the test, it was not necessary to prove the accuracy of the information concerning the molecular pattern of certain chemicals. The opinion was not wanting in a proper foundation and was properly received.

The judgment is affirmed.

All concur.