**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**David Leon ARNOLD,
Defendant-Appellant.**

No. 13007.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 9, 1984.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Aug. 28, 1984.

John D. Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ralph Weatherwax, Springfield, for defendant-appellant.

TITUS, Judge.

Defendant was charged with violating § 195.020 [1] by selling marijuana [spelled "marihuana" in § 195.010(22) ], a Schedule I controlled substance, to Springfield Police Officer Clark on June 26, 1981. With assent of the court, defendant waived a trial by jury. Rule 27.01(b). Following trial wherein defendant offered no evidence, the court declared defendant guilty as charged. After defendant's post-trial motion was overruled, the court entered its judgment and sentenced defendant to imprisonment for a term of 10 years. § 195.200.1(4). Defendant appealed.

On June 26, 1981, Officer Clark was working with the special investigation unit of the Springfield Police Department and going by the alias "T.J." He worked in conjunction with a female informant, Jackie White, who posed as T.J.'s girl friend. Mrs. White's husband was then in prison and she acted as an informant under some undisclosed "prosecution arrangement" which had nothing to do with drug charges. Inter alia, Mrs. White's duties were to become acquainted with suspected drug dealers and introduce them to Clark so that he could get his "name spread around town" to enable him "to purchase drugs from anyone that had them."

Prior to June 26, 1981, and after having been introduced to defendant by Mrs. White, Officer Clark had a couple of contacts with defendant at the latter's place of employment regarding matters unassociated with illicit drugs. On the above specified date, Clark met briefly with defendant and they agreed to re-meet at defendant's place of employment "at approximately five o'clock." At this latter meeting, which lasted 15 or 20 minutes, Clark asked defendant "if he had any pot for sale" to which defendant replied he did not have any with him but that he could get some at "Sandy's house" which he would sell to Clark for $60. Near 6:45 p.m. on June 26, 1981, Clark, accompanied by Mrs. White, went to defendant's home and not finding him present drove away only to be overtaken and stopped by defendant. When defendant got into the back seat of Clark's vehicle, defendant, in exchange for $60 given him by Clark, gave Clark a plastic bag of purported marijuana which he first weighed on his portable scale to display that the package did indeed weigh one ounce. Ere parting, defendant told Clark that if he "didn't like it to get in touch with him and he'd give me my money back." Subsequent testing concerning the contents of the package by a qualified technician disclosed it was, in fact, marijuana.

■■■ In substance, defendant's initial point relied on is that his commission of the act charged was not criminal because he engaged in the proscribed conduct because he was entrapped by a law enforcement officer (Clark) or a person acting in cooperation with such officer (Jackie White). Our statute, § 562.066.2, provides: "An 'entrapment' is perpetrated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct." In other words, when the criminal intent originates with the officer and the defendant is lured or induced into the commission of a crime he was not ready and willing to engage in, then, as a general rule an entrapment has occurred and no conviction may be had. On the other hand, if the criminal intent originates in the mind of the defendant, it is no defense to the charge that an opportunity is furnished or that an officer aids in

1. Statutory and rule references are to V.A.M.S.    and V.A.M.R.

the commission of the crime. *State v. Ritterbach*, 627 S.W.2d 894, 896[3] (Mo.App. 1982); *Wilson v. State*, 606 S.W.2d 266, 267[4] (Mo.App.1980). The fact that an officer merely afforded an opportunity or facilities for the commission of an offense does not constitute entrapment for entrapment takes place only when the criminal conduct was the product of the criminal activity of the officer. "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 821[4–6], 2 L.Ed.2d 848, 851[3] (1958); *Roth v. United States*, 270 F.2d 655, 659[2] (8th Cir.1959), cert. denied 361 U.S. 931, 80 S.Ct. 368, 4 L.Ed.2d 352 (1960).

■ As seen from the resume of Officer Clark's testimony, supra, his two contacts with defendant prior to June 26, 1981, had been at defendant's place of employment concerning themes unassociated with drugs. On June 26, 1981, Clark had two brief encounters with defendant at the latter's work place. The first was merely to arrange for a second meeting and the second culminated in defendant's assurances, after being asked if he had "pot" for sale, that he could obtain some from a named third person. There was nothing in Clark's recountings to indicate that defendant was lured into doing something he was not already predisposed to do. In the end, when Clark did not find defendant at home for a third meeting and departed, it was defendant who singly pursued Clark to consummate the sale and who produced a portable scale to demonstrate the accuracy of the weight of his commodity. Defendant's first point is denied.

■ Defendant's second point relied on is that the trial court erred in adjudging him guilty of selling marijuana because "the evidence upon which that conviction rested was obtained by means of illegal and outrageous conduct on the part of law enforcement officers and their agents." Under Rule 30.06(d), the points relied on in an appellant's brief must not only state what actions and rulings of the trial court are sought to be reviewed, but the points must additionally state "wherein and why" the enumerated actions and rulings "are claimed to be erroneous." As the reader hereof will recognize, the point as recast, supra, wholly fails to comply with the requirements of the rule for it nowhere undertakes to state what the alleged conduct was or wherein and why it is claimed the means employed was illegal and outrageous. However, because of oversight, the rule infraction went unheeded and must now be condoned as defendant's counsel, per Rule 30.09(a), was not afforded a second opportunity to do that which he should have done in the first instance. But more importantly, defendant failed to preserve this allegation for our review as no such alleged error was raised at trial or in the motion for a new trial and defendant is held, therefore, to have waived the point. Rule 29.11(e)(2)(B); *State v. Henson*, 637 S.W.2d 142, 144[1] (Mo.App.1982). Moreover, defendant has not implored or even suggested that we consider the point as plain error under Rule 29.12(b), which rule is not to be routinely invoked but is to be used sparingly, in causes where there is a clear, strong showing of manifest injustice. *State v. Sammons*, 640 S.W.2d 488, 490[3] (Mo.App.1982). The case of *State v. Hohensee*, 650 S.W.2d 268 (Mo.App.1982), contains a myriad of citations and a critique on each dealing with situations where it was determined whether or not the conduct of law enforcement officers had been so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction. For those dealing with the problem, a studious reading of *Hohensee* is a must. Without attempting to recast or summarize that excellent opinion, it suffices to say that the instant case is not of the breed which can be classified as defendant claims in his concluding point which we, for the reasons stated, hereby deny.

Judgment affirmed.

FLANIGAN, P.J., and GREENE and CROW, JJ., concur.