**STATE of Missouri, Respondent,**

v.

**Kenneth HEBB, Appellant.**

**No. 40885.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 5, 1980.

Robert C. Babione, Public Defender, Theodore Guberman, Erica Leisenring, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Peter Sadowski, Asst. Atty. Gen., George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

In this attempted robbery case the armed defendant's robbery plan quickly blew up when his intended victim fired first. A jury found defendant guilty of attempted

armed robbery; the trial court sentenced him as a prior felon to twelve years imprisonment.

Defendant's only point on appeal challenges the admission of evidence his known blood type matched the blood found at the scene. We view this point in light of the state's evidence.

Mrs. Thelma Prince ran a small neighborhood grocery. Soon after she opened the store the defendant came in while Mrs. Prince was alone. He asked for change, pulled out a pistol, pointed it at Mrs. Prince and demanded her money. She moved as if to reach for her money but instead pulled her own pistol from under the counter and shot defendant. He staggered from the store leaving a trail of blood. Police came in response to Mrs. Prince's phone call. Meanwhile, defendant went to his home eight blocks away, told his mother he had been shot and she promptly called police for an ambulance. The police found defendant wounded and with bloody clothes; he had a broken pistol grip in his pocket. The hospital's unchallenged records showed defendant's blood was type "B".

Defendant challenges none of this evidence. He does challenge a single segment of the state's case: that blood found at the robbery scene was also type "B". Evidence technician Gregory Owens testified he took a blood sample from the trail of blood outside the store, sealed it in a test tube and deposited it in the police laboratory. There it was labeled with pertinent information such as date, place, names and the evidence technician's initials G.L.O. Next, police criminalist Joseph Crow testified he examined the labeled blood sample officer Owens had delivered. Mr. Crow testified this labeling and testing procedure follows the ordinary course of laboratory business. He tested the marked sample and found it was blood type "B".

Defense counsel did not object to Mr. Crow's expert opinion, but belatedly objected to the previously admitted label attached to the blood sample. Counsel's vague objection was "I will make a hearsay objection to this, your Honor". Overlooking the untimeliness of this hearsay objection we hold it of no merit in view of the Uniform Business Records as Evidence Law, §§ 490.660–690, L. 1949, page 275. Compare *State v. Jennings*, 555 S.W.2d 366[2, 3] (Mo.App.1977).

Defense counsel's brief impermissibly expands his trial objection. On our own motion we consider his briefed point that the trial court erred in admitting testimony about the blood type of the sample because "the state failed to establish a chain of custody affording a reasonable assurance that the blood sample tested by Crow was the same blood seized by Officer Gregory from the crime scene".

Defendant points to no testimony that the blood sample taken from the sidewalk by officer Owens was not the same blood sample tested by chemist Crow, nor to any testimony showing a break in the chain of custody. Instead, the evidence reasonably showed Owens delivered the marked sample to Crow's laboratory and Crow there examined it. The state's evidence need not exclude every possibility of disturbed possession; it suffices to show reasonable assurance the exhibit found was the exhibit tested. *State v. Baines*, 394 S.W.2d 312[6, 7] (Mo.1965). It did so here. And the trial court's decision prevails absent an abuse of discretion. *State v. Turner*, 543 S.W.2d 270[3–5] (Mo.App.1976). We find no such abuse here.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.