STATE of Missouri, Respondent,

v.

John Maurice COLLINS, Appellant.

No. 39705.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 10, 1980.

Harris, Kirksey & Thomas, Charles E. Kirksey, Jr., St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury for the sale of heroin and his punishment assessed at five years imprisonment.

■ Defendant first asserts that the information under which he was charged was deficient because it failed to allege that he was "knowingly" engaged in the sale of heroin. We do not agree and are of the collective opinion that use in the information of the language "unlawfully and feloniously" was sufficient to put defendant on notice that his sale of heroin was willful and intentional. See State v. Williams, 546 S.W.2d 533 (Mo.App.1977).

■ Defendant next contends that the state failed to prove that he possessed the requisite knowledge of the illegal character of the particular substance sold. Again, we cannot agree for it appears the state adduced adequate evidence which demonstrated that defendant, "was aware of the presence and character of the particular substance and was intentionally and consciously," engaged in its sale. Williams, supra, at 535. This evidence was, in part, as follows:

Officer Dickens approached defendant and asked if he could, "cop a quarter bag of pee." (The officer identified this language as street jargon for $25.00 worth of heroin.) Defendant instructed the plainclothes officer to "ball-up" the money, drop it on the sidewalk and return to his car. The officer complied. Defendant picked up the money, walked down the street, and when he returned some fifteen minutes later, dropped a small, foil packet into the officer's car. The foil packet was taken to the police laboratory where analysis of its contents revealed 0.18 grams of heroin.

■ There is no question but that the state must prove defendant was knowingly engaged in the sale of heroin before a conviction will lie, but, absent a confession, such knowledge is often not susceptible of direct proof. Accordingly, it is well within the province of the jury to infer such knowledge from the ambient facts and circumstances. State v. Rivers, 554 S.W.2d 548, 551 (Mo.App.1977). The foregoing evidentiary excerpt was a sufficient basis of proof from which the jury could reasonably infer that defendant knew he was engaged in the illegal trafficking of heroin.

■ Finally, defendant insists that the evidence was insufficient in that it failed to establish that the packet of heroin introduced at trial was, in fact, the same substance he sold to police. Specifically, defendant complains that the state failed to substantiate a proper chain of custody. This point is not well taken. The prevailing law in this state is that the evidence must provide "reasonable assurance" that the exhibit sought to be introduced (in this case, the packet of heroin) is the same and in like condition as when received from defendant. State v. Baines, 394 S.W.2d 312, 316 (Mo. 1965); State v. Hebb, 595 S.W.2d 47, 48 (Mo.App.1980). The evidence which had a tendency to support the chain of custody follows:

After defendant dropped the foil packet into the waiting auto, Officer Dickens opened it and observed a brown, powder-type substance. Officer Dickens placed the packet in a manila envelope bearing his initials and put this envelope into yet another envelope which he likewise, initialed. The entire package was transported to a police lab criminalist who identified the substance as heroin and repackaged it in the same manner as the officer. Both envelopes bore lab stickers and the criminalist's initials as well as the initials of the officer. The criminalist then stored the two envelopes (which contained the foil package) in a locked evidence locker until the day of trial, at which time he turned the entire package over to the prosecutor. The prosecutor opened the envelopes and foil packet in the presence of the jury and the packet, heroin and envelopes were ultimately admitted into evidence. Given this set of circumstances, there can be little doubt concerning the chain of custody of this particular packet of heroin.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.