Emmette SIMMONS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32274.

Missouri Court of Appeals,
Western District.

Aug. 25, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and NUGENT and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

This is an appeal from a judgment in the form of an order denying post-conviction relief without an evidentiary hearing pursuant to Rule 27.26. The judgment is affirmed.

Review of this matter is limited to the determination of whether the findings, conclusions, and the judgment of the trial court are clearly erroneous; Rule 27.26(j); *Jones v. State*, 598 S.W.2d 595 (Mo.App.1980).

Movant's main contention is that the trial court erred in denying his post-conviction relief because his guilty plea was coerced and therefore involuntary. He inferentially argues that he was improperly denied an evidentiary hearing on the question of the voluntariness of his guilty plea. The question of the denial of the evidentiary hearing is taken up as the first matter on this appeal.

The standard for determining whether a movant is entitled to an evidentiary hearing has been prescribed in *Smith v. State*, 513 S.W.2d 407, 411 (Mo.banc 1974), cert. denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). That standard requires that a movant plead *facts*, not *conclusions*, which if true, would entitle him to relief, and it must be shown that such factual allegations are not refuted by facts elicited at the guilty plea proceeding. See also *Rice v. State*, 585 S.W.2d 488, 492 (Mo.

banc 1979); *Baker v. State*, 584 S.W.2d 65, 66 (Mo.banc 1979). The per se rule adopted in *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978), while overruling certain aspects of *Smith*, did not alter the requirement that a 27.26 motion state facts which if true, would entitle the movant to relief.

■ In the instant case, the per se rule in *Fields* regarding the appointment of counsel and the entry of findings of fact and conclusions of law has been met.

A review of movant's motion clearly reveals a mere pleading of conclusions and not facts which if true, would entitle him to relief if not refuted by the transcript at the guilty plea proceeding. The trial court did not err in denying movant an evidentiary hearing.

■ In his motion, movant contends that the prosecutor offered him probation in exchange for testimony in another case and threatened him with "harsh treatment" or a "heavy sentence" if he refused to testify. Movant further contends he was unwilling to testify as requested due to fear of the defendant in another case. He alleges that he was therefore forced to plead guilty to escape the "harsh treatment". There is no assertion by movant or any evidence to suggest that the prosecutor ever directly suggested that a plea of guilty might mitigate the threatened severity.

Aside from the fact that the allegations raised in movant's motion are nothing more than conclusions in support of his claim of coercion, the record of the guilty plea proceeding clearly refutes this claim.

The record includes movant's guilty plea form, accompanied by the transcript of the proceedings of the guilty plea. The record reveals that movant personally completed and signed the guilty plea form. In this form, movant declared that his plea was not prompted by threats or promises from anyone, acknowledged that his decision to plead guilty was not based upon any promise to make a recommendation to the court in exchange for his plea, and acknowledged that he was not decisively influenced by discussions between his attorney and the prosecuting attorney. The form also fails to reflect any "secret reason" for movant's plea of guilty.

The transcript from the plea proceedings reveals that movant testified that the plea form was truthful and was intended for the court's consideration in receiving his plea of guilty. Movant stated that he understood he was pleading guilty with no promise of leniency or any kind of recommendation from the prosecutor. The transcript from the plea proceedings further reveals that counsel for movant testified he had "gone over" the plea form with movant and that as counsel for movant, he was satisfied that movant had "independently and freely" reached a decision to plead guilty. Counsel also testified that he had discussed movant's Constitutional rights, protections, and privileges. Movant verified counsel's statements as true. The transcript of the guilty plea proceeding reveals that movant was 24 years of age and mentally competent to assist in his own defense at the time of the proceeding.

The record made at the time of acceptance of the plea of guilty is sufficient to refute movant's allegation of coercion as alleged on this appeal and conclusively shows that movant was not entitled to post-conviction relief. *Smith, supra.*

Upon review, it is determined that the findings, conclusions, and judgment of the trial court are not clearly erroneous and the judgment is in all respects affirmed.

All concur.