STATE of Missouri,
Plaintiff-Respondent,

v.

Michael S. OWENS, Defendant-Appellant.

No. 43476.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1981.

Ellen F. Watkins, Frederick M. Steiger, Watkins, Steiger & Camazine, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his court tried conviction for the sale of phencyclidine, a Schedule II controlled substance commonly known as "angel dust". He contends that there was no substantial evidence to show that he was aware of the character of the substance sold. We affirm.

The evidence viewed in the light most favorable to the judgment, *State v. Brooks*, 618 S.W.2d 22, 23 (Mo.banc 1981), establishes that two undercover police officers assigned to narcotics investigation were admitted to a mid-city apartment in which defendant was present. The two officers were left alone in a bedroom with defendant, and one of them told defendant that he would like to purchase one-half ounce of

angel dust. In response, defendant reached under a pillow on the bed and produced a small, clear plastic sandwich bag containing "a green vegetable type substance." Defendant demanded $135.00 for the substance and gave it to the police officers when he was given the money. The police then left the premises. The officer making the purchase testified that he assumed that the bag contained only angel dust, though he had labeled it as marijuana.

Laboratory tests established that the bag contained marijuana sprinkled with angel dust. The evidence was that angel dust is customarily sold by that method—"either spread on marijuana or tea leaves."

Defendant argues that at most he intended only to sell marijuana.[1]

It is palpable under the facts of this case that defendant fully knew that he was selling angel dust. When told that a purchase of angel dust was wanted, the defendant produced a package containing that substance and prepared in its customary manner for marketing. He also demanded and took $135.00—a price far beyond the value of marijuana.[2] The evidence fully supports the conviction. *State v. Collins*, 601 S.W.2d 640, 641 (Mo.App.1980), is pertinent in this regard.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.

---

1. According to defendant, his own use of marijuana was limited to special occasions, such as holidays.

2. The street value of a similar amount of marijuana according to the evidence was about $20.00.