STATE of Missouri, ex rel. David
ROBARDS, Relator,

v.

Honorable Herbert C. CASTEEL, Judge,
Circuit Court, Jasper County,
Respondent.

No. 63186.

Supreme Court of Missouri,
En Banc.

April 6, 1982.

David Robards, Public Defender, Joplin,
for relator.

William J. Fleischaker and Norman E.
Rouse, Joplin, for respondent.

PROHIBITION

WELLIVER, Judge.

This is an original proceeding in prohibition. Relator David Robards is the duly appointed Public Defender for Jasper County and respondent Herbert C. Casteel is the duly elected Circuit Judge of the 29th Judicial Circuit (Jasper County). On May 28, 1981, respondent entered his order appointing relator to represent the movant in a Rule 27.26 proceeding. Relator sought prohibition contending that by reason of the provision contained in § 600.066, RSMo 1978, as amended, Laws of Mo.1980, p. 502,[1]

1. In 1980, the 80th General Assembly by H.B. 1665, repealed and reenacted sections 600.066 and 600.071, Laws of Mo. 1980, p. 502, to provide as follows:

600.066. Proceedings during which representation shall be furnished, exceptions.— Any person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before a magistrate or circuit court through appeal including ancillary matters appropriate to the proceedings and shall extend to any court, within or without the circuit, to which the cause may be taken upon change of venue or appeal. An appellate court may appoint counsel or the public defender from the circuit from which an appeal is taken or from which a petition for writ of habeas corpus is filed; *except that, no public defender shall be appointed to represent a defendant who has filed a motion seeking relief pursuant to rule 27.26 of the Missouri rules of court, except when a defendant is entitled*

*to appointed counsel by constitutional requirement.* If at any stage of the proceedings, including an appeal, a magistrate, a circuit court or an appellate court finds that a defendant is financially unable to pay counsel whom he had retained, and because of indigency is unable to employ counsel, counsel may be appointed as provided in this section. In the event of appeal, appointed counsel shall file a written brief on behalf of the indigent person, and may argue the case before the appellate court.

600.071. Court may appoint counsel, when.—A court may appoint counsel to represent a defendant who:

(1) Has filed within the circuit a motion seeking relief pursuant to rule 27.26 of the Missouri rules of court;

(2) Has filed within the circuit a petition for habeas corpus alleging his liberty to be unlawfully restrained by public authority;

respondent lacks the authority to appoint him to represent this indigent defendant in his official capacity as public defender. We issued our preliminary rule in prohibition. Our preliminary rule must now be quashed.

On March 11, 1982, the new Public Defender Law, H.C.S.H.B. 1169, 81st General Assembly, Second Regular Session, was signed into law to become effective April 1, 1982. The 1980 amendment upon which the relator relies was repealed by the new law and was not reenacted, thereby rendering the issue herein moot. We are not aware of any provision in the newly enacted Public Defender Law which would require change or modification of our existing Rule 27.-26(h),[2] nor are we aware of any restrictions against appointment of the public defender in his official capacity.

The preliminary rule in prohibition is ordered quashed.

All concur.

---

(3) Has filed a petition for release from a state hospital pursuant to section 552.040, RSMo; or

(4) If subject to revocation of parole, whenever the court determines that the interests of justice so require and that such person is indigent. *No counsel shall be appointed except when a defendant is entitled to appointed counsel by constitutional requirement.*

(Note: The 1980 amendments are emphasized. In all other respects the statutes were reenacted in their existing form.)

**2.** (h) Right to Counsel. When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel to represent the indigent defendant.