**Jerry Ronald RAY, Plaintiff-Appellant,**

v.

**STATE of Missouri,**
**Defendant-Respondent.**

**No. 45134.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 21, 1982.

Jerry Ray, pro se, John C. Maxwell, Darrill Beebe, St. Charles, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, William J. Hannah, Pros. Atty., St. Charles, for defendant-respondent.

GAERTNER, Judge.

Appellant, Jerry Ronald Ray, was convicted of rape and first degree robbery by a jury in the Circuit Court of St. Charles County and was sentenced on September 13, 1976 to concurrent terms of 15 years for rape and 10 years for robbery. This court affirmed that judgment in *State v. Ray,* 600 S.W.2d 70 (Mo.App.1980).

On September 5, 1980, appellant filed a motion to vacate under Rule 27.26. On September 17, 1980 the Circuit Court appointed the Public Defender of St. Charles County to represent appellant and granted leave to file an amended 27.26 Motion on or before October 15, 1980. At that time there was in effect a statute which purported to prohibit the appointment of a Public Defender in a 27.26 proceeding, "except when a defendant is entitled to appointed counsel by constitutional requirement." § 600.066 RSMo 1978, as amended, Laws of Mo.1980, p. 502.[1] In order to avoid violating this statutory prohibition, the Public Defender took no action in representation of the appellant, but filed a Motion to Withdraw as Counsel or in the Alternative for a Ruling that Movant is Constitutionally Entitled to Court-Appointed Counsel.

On April 10, 1981, the Public Defender filed a notice calling up this alternative motion for hearing on April 24, 1981. In connection therewith, the Public Defender sought and the court issued a Writ of Habeas Corpus Ad Testificandum directing the Warden of the Missouri State Penitentiary to produce appellant for the April 24 hearing. On April 17, 1981, the court issued an Order setting April 23 as the hearing date for this alternative motion and also for consideration of whether the 27.26 motion and the records of the case showed the appellant "entitled to no relief."

On April 23, 1981, the court denied the Public Defender's alternative motion and further dismissed appellant's 27.26 motion. Findings of fact and conclusions of law were filed on May 5, 1981.

1. In 1980, the 80th General Assembly by H.B. 1665, repealed and reenacted section 600.066, Laws of Mo.1980, p. 502, to provide as follows:

> 600.066. Proceedings during which representation shall be furnished, exceptions.— Any person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before a magistrate or circuit court through appeal including ancillary matters appropriate to the proceedings and shall extend to any court, within or without the circuit, to which the cause may be taken upon change of venue or appeal. An appellate court may appoint counsel or the public defender from the circuit from which an appeal is taken or from which a petition for writ of habeas corpus is filed; *except that, no public defender shall be appointed to represent a defend-*

*ant who has filed a motion seeking relief pursuant to rule 27.26 of the Missouri rules of court, except when a defendant is entitled to appointed counsel by constitutional requirement.* If at any stage of the proceedings, including an appeal, a magistrate, a circuit court or an appellate court finds that a defendant is financially unable to pay counsel whom he had retained and because of indigency is unable to employ counsel, counsel may be appointed as provided in this section. In the event of appeal, appointed counsel shall file a written brief on behalf of the indigent person, and may argue the case before the appellate court.

(Note: The 1980 amendment is emphasized. In all other respects the statute was reenacted in its pre-existing form.)

■ Appellant herein contends the court erred in appointing the Public Defender in violation of § 600.066. For reasons set forth below, it is not necessary that we decide this issue. However, we note that on March 11, 1982 a new Public Defender law, H.C.S.H.B. 1169, 81st General Assembly, 2nd regular session, was signed into law to become effective April 1, 1982. The 1980 amendment relating to the appointment of Public Defenders in 27.26 motions was repealed and not reenacted in the new statute. We are also mindful of the fact that the constitutionality of the 1980 amendment was challenged in two cases, *State ex rel. Robards v. Casteel,* 630 S.W.2d 583 (Mo. banc 1982), and *State ex rel. Mendell v. Schoenlaub,* 630 S.W.2d 584 (Mo. banc 1982). In both of these cases, the Supreme Court issued preliminary rules in prohibition[2] and, after the effective date of the new law, quashed the writ on the grounds of mootness. In view of the questioned validity of the 1980 amendment, the Alternative Motion for Leave to Withdraw or for a Ruling of Constitutional Entitlement to appointment of counsel, as filed by the Public Defender, was appropriate. He was truly between the horns of a dilemma—a charge of a contempt of court if he refused the appointment—a violation of the statute if he did not. Prior to the resolution of this dilemma, the Public Defender could not file an amended motion, or indeed any pleadings, without risking violation of the statute and possible removal from office or other discipline by the Public Defender Commission for malfeasance in office. § 600.026 RSMo 1978.

As no reason for the trial judge's overruling of the Public Defender's alternative motion is stated, and since no record of the proceedings was made, we are unable to ascertain whether the trial judge determined that appellant was entitled to the appointment of a Public Defender because of constitutional requirement or if the denial of the motion had some other basis. If the former, it would seem the summary dismissal of the 27.26 motion for failure to state a claim would be somewhat incongruous, to say the least. In any event, the action of the court in dismissing the motion immediately after the Public Defender was first placed in a position to undertake a proper representation of his client was in contravention of the intent of Supreme Court Rule 27.26(h) and requires the remanding of this cause to the Circuit Court.

■ The present Rule 27.26(h), effective January 1, 1980, provides:

(h) Right to Counsel. When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel to represent the indigent defendant.

This rule is predicated upon the decision of the Supreme Court in *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), wherein it was postulated that the appointment of counsel charged with the duty to ascertain facts and then to amend inartly drafted pro se pleadings would result in improved finality of trial court rulings upon post-conviction remedy motions. Here, the underlying rationale of the rule was thwarted. Not only was the Public Defender not provided with

---

**2.** The 1980 amendment to § 600.066 caused a massive increase in the number of private counsel appointed to represent 27.26 movants throughout the state. It was a widely known fact that the constitutionality of the amendment was being tested as expeditiously as the judicial system would permit.

an opportunity to amend the motion, he was deprived of an opportunity to consult with his client. As a part of the Order of Dismissal on April 23, 1981, the court withdrew the Writ of Habeas Corpus Ad Testificandum ordering production of appellant on April 24, 1981, which had been signed and issued by the trial judge on April 6, 1981. Both the foreclosure of counsel's opportunity to consult with his client and the dismissal of the 27.26 motion without opportunity for amendment by trained counsel strike at the very heart of the principles underlying Rule 27.26(h).

Appellant also contends the court erred in dismissing his motion without an evidentiary hearing. We agree. The first ground for relief set forth in the motion is that the State knowingly suborned perjury at his trial in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. Appellant alleged as facts supporting this contention that one Messick testified to material facts for the State at his trial; that the plea and sentence transcript in the case of *State v. Messick* (an unrelated felony charge) showed the prosecutor reduced the charge against him because of this testimony; and that at appellant's trial, Messick denied any deal had been made.[3]

■ The standard for determining whether appellant is entitled to an evidentiary hearing was prescribed in *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974), *cert. denied* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). That standard requires that appellant plead facts, not conclusions, which if true would entitle him to relief, and it must be shown that such factual allegations

are not refuted by the files and records of the case. *Smith v. State,* 513 S.W.2d at 411; *Hutchins v. State,* 624 S.W.2d 191 (Mo. App.1981); *Simmons v. State,* 621 S.W.2d 364 (Mo.App.1981).

■ Appellant's allegation, if true, would constitute a serious violation of due process. The court in *State v. Brooks,* 513 S.W.2d 168 (Mo.App.1973), held that the jury is the sole judge of the credibility of a witness and it must, therefore, be apprised of any facts which might cause a witness to be less than truthful. Failure to inform the jury of such facts is a denial of due process. Promises of immunity from prosecution, reduction of charges and reduction of recommended punishment are common methods of obtaining testimony implicating persons other than the witness. This is especially true, and the danger of fabrication greatest, where the witness' testimony impacts directly on defendant's guilt. *State v. Brooks,* 513 S.W.2d at 173.

Such is the gravity of appellant's allegation. Contrary to the finding of the trial court, we hold that the allegations of facts in appellant's 27.26 motion raise an issue of fact sufficient to warrant an evidentiary hearing.

Apparently the trial judge's conclusion was that since there was no express allegation of causal relationship between the reduction of the charge and the testimony of Messick, the allegations were insufficient, even if true, to show appellant entitled to relief. The trial judge found:

"Movant has alleged only that an individual testified on behalf of the state and that at a later date an assistant prosecutor asked a judge to take that fact into

---

**3.** In *State v. Ray,* 600 S.W.2d 70, 74 (Mo.App. 1980), this court refused to consider on direct appeal a similar contention for the reason the matter had not been presented to the trial court. In that opinion, appellant's contention is described as follows:

Defendant in fact now contends on appeal that on August 2, 1976, eleven days after the conclusion of defendant's trial, the assistant prosecuting attorney who tried defendant's case filed an amended information in the circuit court reducing the charge against Jerry Messick from sale to possession of over

thirty-five grams of a controlled substance; that Messick pleaded guilty to the reduced charge on that date; and that at the subsequent sentencing hearing, another assistant prosecuting attorney explained the reduction of the charge as follows:

"No, I would like to point out one thing to the Court, the reduction from sale to a possession was for the reason that this individual did testify on behalf of the State in another case and help the State get a conviction on a Jerry Ray, a rape and robbery and that was the basis for that."

consideration when assessing the individual's own sentence. These two statements do not conflict with the individual's testimony at movant's trial that no deals had been made, nor do the three statements together raise an issue of fact under Rule 27.26 which would entitle movant to relief."

We note this finding by the trial judge converted a reduction of a felony charge into a recommendation for leniency. It is of even more import, however, that the placing of such a narrow construction upon the allegations of the pro se motion not only highlighted the prejudice of depriving the Public Defender of an opportunity to amend the motion, it also violated a cardinal principle of construing pleadings—that in determining dismissal on the pleadings, allegations subject to different interpretations must be considered in the light most favorable to the pleader. *Brolinson v. Brolinson,* 564 S.W.2d 911, 913[5] (Mo.App. 1978). In *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979), dismissal of a 27.26 motion was reversed and an evidentiary hearing ordered where allegations of the motion were susceptible to different interpretations—one interpretation being sufficient to state a claim for relief, the other not.

Here, the imprecise allegations of the pro se motion are sufficient to create an inference that the testimony of Messick against appellant was the product of an agreement for a reduction of a charge by the prosecutor. The alleged fact that the prosecutor made the statement at Messick's sentencing that the reduction of the charge was "for the reason Messick testified" against appellant gives meaning to, or at least creates implications concerning, the conclusionary averment that the state "knowingly" suborned perjury. The court erred in dismissing the motion without an evidentiary hearing to determine whether or not the two events were related or coincidental. Of course, at such hearing, the appellant retains the burden of proving (1) the witness' testimony was false, (2) the state used that testimony knowing it was false, and, (3) the conviction was obtained as a result of the perjured testimony.

*Bryant v. State,* 604 S.W.2d 669, 674 (Mo. App.1980).

The order of the Circuit Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

DOWD, P.J., and SMITH, J., concur.