STATE of Missouri, Respondent,

v.

Dwight CLARK, Appellant.

No. 46993.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 11, 1984.

Application to Transfer Denied
July 17, 1984.

Debra Buie Arnold, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Appeal from a jury conviction for murder in the second degree, for which defendant received a life sentence. We affirm.

On March 1, 1982, defendant and a compatriot broke into the St. Louis home of murder victim and his wife. Victim resisted, but was badly beaten, stabbed and finally subdued and "hog-tied." When defendant and his companion left, several items were missing. Victim died later that evening.

Defendant alleges two errors below, both relating to the selection of his trial jury. He first claims it was error for the court to refuse to strike, for cause, a venirewoman whose father had been robbed and murdered in his place of business in 1944, and who had been the victim of two burglaries of her home, one occurring seven, and the other eight, years prior to trial. Upon questioning by the prosecutor, she stated it would be difficult, but that she could do her duty as a juror. Defense attorney then elicited that the venirewoman believed the

experience could affect her during deliberations, but in response to further questioning by prosecutor, she stated she could put those earlier experiences aside. She then, upon questioning by defense counsel, affirmed that she could be an impartial juror. Finally, questioning by the court established that she had lived an active life since the experiences, without extensive medical treatment due to them. For years at a time, she "never gave it a thought," and she was sure she could be an impartial juror who would put the experience out of her mind and follow the court's instructions. The court concluded "she c[ould] do the job."

▆▆▆ Defendant is entitled to a full panel of qualified jurors prior to making his peremptory challenges. *State v. Engleman,* 634 S.W.2d 466, 471 (Mo.1982). Failure to sustain a valid challenge for cause is reversible error, *State v. Lovell,* 506 S.W.2d 441, 444 (Mo. banc 1974), but the trial court's decision will not be reversed unless there is a clear abuse of discretion in refusing to strike a venirewoman for cause. *State v. Smith,* 649 S.W.2d 417, 422 (Mo. banc 1983). The prosecutor, the defense attorney and the trial court all extensively examined venirewoman after she expressed doubts about her qualifications to be a juror. Her testimony left little doubt, and the trial court found that she could "do the job." There was no abuse of discretion in refusing to strike venirewoman for cause. *State v. Gray,* 657 S.W.2d 296, 299 (Mo.App.1983).

▆▆▆ Defendant's other challenge alleges the trial court erred in allowing voir dire on the question of whether a juror could consider the death penalty and excluding for cause those who would not. The venire was informed there were only two possible punishments for capital murder—imprisonment for 50 years without parole or death. Three jurors were excused because they would be unable to consider the death penalty.

Defendant was convicted of second degree, not capital, murder. Even when presented by one convicted of capital murder, the point proffered by defendant has been considered and denied. *State v. Blair,* 638 S.W.2d 739, 752–53 (Mo. banc 1982); *State v. Mercer,* 618 S.W.2d 1, 7–8 (Mo. banc 1981). The case cited by defendant, *Grigsby v. Mabry,* 569 F.Supp. 1273 (E.D.Ark.1983), is not controlling on this court. Also, this Arkansas case does not persuade us to change the law in Missouri. *See State v. Guinan,* 665 S.W.2d 325 (Mo. banc 1984).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.