**STATE of Missouri, Respondent,**

v.

**Charles CANNON, Appellant.**

**No. WD 35815.**

Missouri Court of Appeals,
Western District.

May 28, 1985.

James R. Derting, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

PRITCHARD, Presiding Judge.

For the sale of a controlled substance, appellant was found guilty by the verdict of a jury, but on January 20, 1983, the trial court made an order, "Imposition of Sentence Suspended" and placed appellant on probation for a period of three years. On March 16, 1984, the probation was revoked, and a sentence was imposed of ten years imprisonment. Defendant then filed his notice of appeal from the original jury finding (December 8, 1982), on March 23, 1984, which was timely because a judgment of conviction in a criminal case does not become final until sentence is imposed. *State v. Lynch,* 679 S.W.2d 858, 860[2] (Mo. banc 1984); *State v. Bachman,* 675 S.W.2d 41, 47[9] (Mo.App.1984).

By his Point X, appellant says there was insufficient evidence for the jury to have found him guilty of the sale of a controlled substance. The evidence was that Steve Green and Gregory Russell, two undercover detectives, went to a residence at 5527 Wabash in Kansas City, where they met one Jeanette McClelland and tried to purchase illegal drugs from her. She made a phone call and told them to return in about 10 minutes. On returning to the residence, Green saw a 1979 red Camaro and its license number which Russell wrote down. Green got out of his unmarked car and approached the residence where he was introduced to appellant by McClelland, an acquaintance of appellant. Green thereafter purchased a packet from appellant containing phencyclidine, which was so identified by a chemist at the Kansas City Regional Crime Lab. In testifying, appellant denied that he sold drugs to Green and that he delivered drugs to McClelland. There was some contradiction in the testi-

mony of Green and Russell as to whether the sale took place in the yard or the house. Appellant cites no authority as to why and wherein the evidence was insufficient, but argues only that because of delays in bringing the case to trial, the evidence was full of flaws and could not support a guilty verdict. He emphasizes the conflict in the testimony of Green and Russell as to where the sale took place, but *State v. Williamson*, 595 S.W.2d 4, 7 (Mo.App. 1979), takes care of the contention: "[T]he mere fact that contradictions or inconsistencies exist in the testimony does not prevent it from being substantial evidence, for conflicts, inconsistencies and the weight to be given such testimony are for the jury to resolve." Taken in the light most favorable to the verdict which must be done, *State v. Williams*, 652 S.W.2d 102, 111 (Mo. banc 1983), there was not an insufficiency of evidence to sustain the verdict, and Point X is overruled.

The remaining ten points will be taken up hereafter, along with the facts as they relate thereto.

■ By Point I, appellant contends error in the trial court's refusal to strike a venireperson for cause, thereby compelling his use of one peremptory strike to remove her from the jury panel. The matter came up when the prosecuting attorney asked the panel if they or any member of their families had ever had a drug or drug-related problem. Venireperson Ms. Kensinger answered that she had a sister who had drug problems years ago and had spent some time in Western Missouri and St. Joe, but stated that the experience would not in any way influence her ability to sit as a juror on a case in which defendant was charged with selling a controlled substance. Then Ms. Kensinger asked: "What did he sell though?" Counsel informed her that "It is charged that he sold a Schedule II", and later informed her that the Schedule II controlled substance was phencyclidine. Appellant contends that Ms. Kensinger's question strongly suggests that she had prejudged appellant, and the trial court erred in denying the motion to strike for

cause. Appellant cites no authority and does not explain why any precedent is unavailable, which subjects the contention to being deemed abandoned. *State v. Ritterbach*, 627 S.W.2d 894, 897 (Mo.App.1982). Viewing the entire voir dire examination, however, shows that Ms. Kensinger could be fair and impartial, as determined by the trial court, which was in a better position than this court to determine the challenge for cause. In its advice to the panel, the court told the jury that appellant was charged with the sale of a Schedule II substance, phencyclidine, which fact was not evidence and did not create an inference that any offense was committed. Defense counsel further determined that the panel would presume appellant's innocence, and it would keep an open mind until the case was given to the jury for decision. No abuse of discretion, *State v. Clark*, 671 S.W.2d 374 (Mo.App.1984), appears, and Point I is overruled.

■ Again, without citation of authority, in Point II, appellant claims that improper hearsay evidence from McClelland was erroneously admitted. Officer Green approached appellant and McClelland, who in appellant's presence said "This is M.C." Evidence of a name by which a person is known is not within the rule excluding hearsay evidence. *State v. Shields*, 619 S.W.2d 937 (Mo.App.1981). Point II is overruled.

■ Detective Green testified as to the common use of phencyclidine—that it was snorted, placed in marijuana or cigarettes and smoked. This was in the realm of his personal knowledge, and was not speculation, the ground for the objection. Point III, raising the issue, is overruled.

■ Appellant says that the chain of custody of State's Exhibits 1 and 2, the drug and its packet, was not sufficiently established. The evidence is that the officer placed the packet in an evidence envelope, sealed and initialed it, took it to the police laboratory, where the seal was broken, the contents examined, the envelope was resealed and initialed by the examiner. It was

then picked up the day of trial, opened in the jury's presence and admitted into evidence. The evidence gives a reasonable assurance that the exhibits remained in the same condition throughout the chain of custody. *State v. Collins*, 601 S.W.2d 640, 641 (Mo.App.1980). Point IV, on this issue, is overruled.

■ As to Exhibits 1 and 2, the court stated that it thought there was sufficient evidence (foundation) for their admission, but it would be helpful to everybody if it were determined from the witness the conditions of the exhibits when he took them out of the vault, and the ruling would be reserved. This occurred outside the hearing of the jury. Appellant claims this was improper assistance to the state's case. The state then elicited from the witness that the condition of the exhibits was that there was no apparent opening to gain access to the contents, and the exhibits were then received into evidence.

In *State v. Johnson*, 454 S.W.2d 27, 30 (Mo.1970), the court said, " '[O]rdinarily it is not improper for him [the court] to make suggestions to parties or counsel as to procedure in the action * * * as by calling attention to omissions in the pleadings or defects in the evidence.' " Appellant was not denied a fair trial by the court's comments made outside the jury's hearing. See *State v. Tygart*, 673 S.W.2d 83, 87 (Mo.App.1984). Point V, raising the issue, is overruled.

■ Section 195.017, RSMo 1978, was in effect at the time appellant was charged with the sale of phencyclidine. May 12, 1980, and that substance is identified as being controlled in Schedule III. The state amended the information to charge the sale of a Schedule III substance instead of one under Schedule II, which appellant concedes to have been proper. He says in Point VI that the court erred in taking judicial notice of the substance as a Schedule III drug. No error appears. See *State v. Hutchens*, 604 S.W.2d 26 (Mo.App.1980), as to the propriety of taking such judicial notice. The point is overruled.

■ As noted, the offense was alleged to have occurred on May 12, 1980. The information was not filed until May 26, 1982, more than two years later [but within the three-year statute of limitations, § 556.-036.2(1)]. Appellant did not allege or prove the delay in filing the information caused him to suffer substantial prejudice or that it was done intentionally to gain an advantage over him under *State v. Scott*, 621 S.W.2d 915, 917[2, 3] (Mo.1981). On this issue, Point VII is overruled.

■ By Point VIII, appellant contends constitutional error (Const. U.S., Amendment VI) because he was not accorded a speedy trial. Appellant made no motion to this effect to the trial court, but urges to this court that the trial court should have considered the matter sua sponte. This constitutional error claim, not being raised at the earliest opportunity, shall be considered waived. *State v. Thompson*, 627 S.W.2d 298, 303 (Mo. banc 1982). Nonetheless, the record shows that there was a delay of about 190 days between the arraignment and trial, and that appellant was granted four continuances which continued the case from July 19 to October 29, 1982, a period of about 110 days, and the state requested but one continuance from October 18 to November 15, 1982, a period of less than 30 days. It appears that any undue delay was due to appellant's motions, not the state. Point VIII is overruled.

■ On cross-examination of Officer Green, defense counsel asked, "When you finished the transaction that night and did your reports later, you charged Jeanette McClelland with being involved in this sale too, didn't you?" State's counsel objected to the question on the grounds of relevancy, which was sustained. In Point IX, appellant claims this ruling prevented him from eliciting testimony regarding a potential defense, arguing that the line of questioning was to develop the defense that McClelland set up appellant to appear to be the alleged supplier of the drug. The charge was that appellant *sold* the drug in question. Neither the point nor the argu-

ment shows any relevancy to the charge or to prove or disprove any fact relative thereto. The trial court did not err in sustaining the objection to the question, and Point IX is overruled.

In Point XI, appellant claims cumulative error which deprived him of a fair trial. Each of appellant's claims of error has been considered above and found to be without error, so there is no cumulation. Point XI is overruled.

The judgment is affirmed.

All concur.