Harold Dean **RITTERBACH,**
Movant-Appellant,

v.

**STATE of Missouri,**
Respondent-Respondent.

No. 14846.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 25, 1987.

Motion for Rehearing or Transfer
Denied Sept. 10, 1987.

Application to Transfer Denied
Oct. 13, 1987.

M. Elise Branyan, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

HOGAN, Judge.

Movant Harold Dean Ritterbach appeals from the dismissal without evidentiary hearing of his Rule 27.26 motion to vacate and set aside two concurrent sentences of ten (10) years' imprisonment for the sale of a controlled substance. His conviction of these crimes was affirmed in *State v. Ritterbach*, 627 S.W.2d 894 (Mo.App.1982). The trial court has made concise and informative findings of fact and conclusions of law as required by Rule 27.26(e). We have drawn freely upon those findings in preparing this opinion.

The standard for determining whether a 27.26 movant is entitled to an evidentiary hearing is whether he has pleaded facts, not conclusions which, if true, would entitle

him to relief and whether those factual allegations are refuted by the record. *McClain v. State,* 686 S.W.2d 879, 880[1] (Mo.App.1985); *Ray v. State,* 644 S.W.2d 663, 666[3] (Mo.App.1982).

On this appeal, the movant argues that his motion "contained a sufficient factual basis" to entitle him to an evidentiary hearing "as to whether he was denied effective assistance of counsel when his trial attorney failed to contact potential witnesses or impeach a hostile defense witness, Steve Lawrence with evidence regarding his indebtedness and physical threats toward others that would support movant's defense of entrapment."

The trial court found that the movant's first series of claims involved allegations of ineffective assistance of counsel. Specifically, the defendant averred that trial counsel failed: (1) to investigate six named defense witnesses, (2) to attack the State's witnesses' value of the "dragon paper" or acid which the movant had, (3) to use physical evidence and other documents to discredit the testimony of the State's informant, Steve Lawrence, (4) to call Terry Gilbert and Jimmie Harp as witnesses against Steve Lawrence and (5) to present a proper defense.

The motion court concluded that these claims were refuted by the record, because, after the State had presented its case-in-chief and in fact five (5) days after the State rested, the movant was sworn and examined by the trial court. At that time the movant testified: (1) that he did not wish to testify; (2) that he desired to rest his case at that time, (3) that there was only *one* other witness he wished to call, but that this witness had been discovered *after* the State rested; (4) that there were no other witnesses that he wanted called and (5) that he had no complaints about his trial attorney. We have examined the trial transcript and consider the motion court's conclusions justified.

The motion court also found that the record refuted the movant's allegations that he was dissatisfied with his trial counsel's failure to attack the state's witnesses' value of the "dragon paper and acid" or with his trial counsel's impeachment of witness Steve Lawrence, or with the presentation of entrapment as a defense. The court—the motion court—finally concluded that trial counsel's performance did not fall below that of a reasonably competent attorney in similar circumstances, and the defendant was not prejudiced by trial counsel's performance. These conclusions are supported by the record, and the movant has therefore failed to show ineffectiveness of counsel. *Bannister v. State,* 726 S.W.2d 821, 824[1, 2] (Mo.App.1987). Nevertheless, the dispositive principle on this appeal is that if the factual allegations of the motion are refuted by the files and records, the movant is not entitled to an evidentiary hearing. *Smith v. State,* 513 S.W.2d 407, 411 (Mo.banc 1974), cert. denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Jarvis v. State,* 645 S.W.2d 141, 142[1] (Mo.App.1982); *Ray v. State,* 644 S.W.2d at 666. Here, the files and records directly refute the allegations of the motion, and an evidentiary hearing was not required. The dismissal of the motion without a hearing was proper, and accordingly the judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.