STATE of Missouri, Respondent,

v.

Dennis SIMMONS, Appellant.

No. 52258.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 8, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Holly Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for illegal possession of heroin in which he was sentenced as a prior and persistent offender to six years' imprisonment. We affirm.

The sufficiency of the evidence to sustain the conviction is not an issue. Defendant asserts the trial court erred in denying his strikes for cause as to venire persons Sadler and Sims in that each stated she would give greater weight to a police officer's testimony in a trial where all the evidence tying defendant to the crime was presented by police officers.

Initially, Sadler and Sims responded affirmatively when questioned concerning whether they would automatically believe a police officer. Thereafter, each was questioned extensively concerning her impartiality, ability to follow the law in the instructions, ability to give full attention to the trial, and ability to sit in judgment of another person and decide the case based only on the evidence presented. Each stated nothing would affect their ability to be fair and impartial; they would not automatically believe a police officer; and they would follow the law in the instructions.

In judging the qualifications of jurors, the trial court makes its determination based on the entire voir dire examination. *State v. Stidum*, 684 S.W.2d 448, 450 [8] (Mo.App.1984); *State v. Garrett*, 627 S.W.2d 635, 642 [14] (Mo. banc 1982); *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Failure to sustain a valid challenge for cause is reversible error, but the trial court's decision will not be reversed unless there is a clear abuse of discretion by the trial court in its refusal to strike. *State v. Clark*, 671 S.W.2d 374, 375 [2] (Mo.App.1984). We do not find an abuse of discretion in this case.

The facts of this case are similar to the recent case of *State v. Ayers*, 724 S.W.2d

556, 560 [3] (Mo.App.1986) where it was held the trial court did not abuse its discretion by overruling a challenge for cause to a venire person who initially expressed a tendency to believe a police officer over other witnesses, but upon further questioning demonstrated an ability to evaluate all of the testimony and sit as a fair and impartial juror.

This case can be distinguished from *State v. Draper,* 675 S.W.2d 863 (Mo. banc 1984) due to the fact that the venire person in *Draper* never clearly stated that she could be a fair and impartial juror. She persistently equivocated. As stated previously, both Sadler and Sims stated they could be fair and impartial and were rehabilitated by extensive questioning by the attorney for the State and by the court.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.